# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

IN RE:     WASHINGTON LOOP, L.L.C.,     Case No.    9:11-bk-06053-FTM
             DEBTOR(S)                              Chapter     11
-------------------------------------------/

## UNITED STATES TRUSTEE'S
## MOTION TO DISMISS CHAPTER 11 CASE OR IN THE ALTERNATIVE
## MOTION TO CONVERT CASE TO CHAPTER 7

Don Walton, the United States Trustee for Region 21, hereby respectfully moves this Honorable Court, pursuant to Section 1112(b), title 11, United States Code, to dismiss the above referenced case or in the alternative to convert the case to chapter 7 for cause, whichever appears to be in the best interests of the creditors. In support of the motion, the U.S. Trustee states as follows:

1. The Chapter 11 bankruptcy petition was filed on March 31, 2011.

2. The Debtor In Possession was dismissed from a prior chapter 11 case, 9:10-bk-27981-FTM by order of this Honorable Court entered on March 17, 2011.

3. In the Debtor's prior chapter 11 case, the Debtor's Schedule F, as filed under penalty of perjury, listed some thirty-four (34) general unsecured creditors totaling claims of $1,953,354.42. *See* Sched F (Doc. No. 26, 9:10-bk-27981-FTM, pp. 12-18 of 24).

4. In that case, the Debtor, under penalty of perjury listed all Schedule F debts and non-contingent, liquidated, and undisputed. See Ibid.

5. In the instant case, the Debtor now declares, under penalty of perjury, that all Schedule F debts are unliquidated. See Sched. F (Doc. No. 1, 9:11-bk-

06053-FTM, pp. 17-25 of 42). These schedules were filed no less than two weeks after the dismissal of the prior chapter 11 case, and only six (6) weeks after the Debtor filed its Schedule F in that case.

6. The United States Trustee would assert that the Debtor will not be able to establish the evidentiary showing that 100% of all of its general unsecured creditors' claims are unliquidated.

7. It appears that the Debtors' contrary position in this instant case that 100% of all of its general unsecured claims are unliquidated is intentionally motivated to obviate the statutory provision of Section 1111(a), title 11, United States Code.

8. As the Court stated in Cluff, the "last minute change of heart appears disingenuous and smacks of manipulation." *See In re Cluff*, 313 B.R. 323, 339-340 (Bankr. D. Utah 2004). This manipulation is heightened in a chapter 11 case juxtaposed to the statutory provision of Section 1111(a) and Fed. R. Bankr. P. 3003.

9. The filing of Schedule F wherein the Debtor scheduled 100% of all of its pre-petition general unsecured claims evidences an intent by the Debtor to delay harass, or further frustrate and needlessly increase the costs associated to the creditors and other parties in interest in this bankruptcy case. *See generally, In re Phoenix Picadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988).

10. Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the filing of

Schedule F wherein 100% of all of the Debtor's pre-petition general unsecured creditor's claims is not warranted by existing fact and/or law or by any nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

**WHEREFORE PREMISES CONSIDERED**, the United States Trustee respectfully prays that this Honorable Court enter an order either granting the Motion to Dismiss or in the alternative the Motion to Convert for failure to comply with the requirements of the Bankrupcty Code and Rules, whichever is in the best interests of the creditors and the bankruptcy estate, and further prays that the U.S. Trustee be granted such further an additional relief as this Honorable Court deems proper.

Dated: 31 March 2011

                                            Respectfully submitted,

                                            DONALD F. WALTON
                                            U. S. TRUSTEE, REGION 21

By:    /s/ J. Steven Wilkes, (Ala. Bar. WIL-278)
        Trial Attorney
        United States Department of Justice
        Office of the United States Trustee, Region 21
        501 E. Polk Street, Suite 1200
        Tampa, Florida 33602
        (813) 228-2000 / fax (813) 228-2303
        steven.wilkes@usdoj.gov

## CERTIFICATE OF SERVICE

I do HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served electronically or by United States mail, postage prepaid, to the following on or before 01 April 2011:

Electronic Mail:      Joel S Treuhaft; Debtor's Counsel

Washington Loop, L.L.C.
37894 Washington Loop Road
Punta Gorda, FL 33955

                                            /s/ J. Steven Wilkes