# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**In Re:**

**WASHINGTON LOOP**             Case No. 9:11-bk-06053-FTM
                                                     Chapter 11 Case

        **Debtor**       /

## OBJECTION TO DEBTOR'S MOTION
## TO USE CASH COLLATERAL

Comes now ROBI1956, LLC ("ROBI") and objects to the Debtor's Motion for authority to Use Cash Collateral filed herein [Docket No. 23] (the "Motion") and in support thereof would show unto the Court as follows:

1. The Debtor agrees the ROBI has a lien upon the Debtor's "Cash Collateral" as that term is defined in § 363(a) of the Bankruptcy Code including, without limitation, rents and profits of property (Motion, ¶ 11).

2. The Debtor also admits that ROBI's collateral includes a Mortgage and Assignment of Rents upon the Debtor's real estate (Motion, ¶ 9).

3. The Debtor further admits that ROBI is the holder of a Judgment in the amount of Six Million Eight Hundred Seventy-eight Thousand Seven Hundred Forty-two Dollars and Sixty-five Cents ($6,878,742.65) plus interest (Motion, ¶ 10).

4. Although the Motion on its face indicates that the Debtor has only Five Hundred Twenty Dollars ($520.00) of cash-on-hand as of the Petition date (Motion, ¶ 21), the Debtor seeks authority to use somewhere between Two Hundred Forty-five Thousand Dollars ($245,000.00) and Eight Million Dollars ($8,000,000.00) worth of cash collateral within the next six (6) months (Debtor's cash flow forecasts attached as Exhibit 2 to the Motion).

5. The source of this cash would presumably be sales of dirt which, as is indicated above, Debtor concedes are subject to ROBI's lien.

6. The type of operation is contemplated by the Debtors has potential to significantly decrease the value of ROBI's collateral, and the Debtor does not propose to make Adequate Protection payments to ROBI (Exhibit 2 does not show any Adequate Protection payments). Rather, the Debtor simply proposes to give ROBI "replacement lien" in property in which it already has a lien (Motion, ¶ 20).

7. The Debtor indicates in its Motion that an emergency exists in that it must fund operational expenditures, but, on information and belief, the Debtor was not in operation prior to the Petition date herein.

8. Earlier this year, this same Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code under Case No. 9:10-BK-27981-DHA. That prior proceeding was dismissed by Order therein on or about March 17, 2011.

9. Apparently, the Debtor has now refiled and the only substantive difference between the two (2) cases is that now the Debtor alleges "Washington is negotiating a Government Contract to provide dirt/sand" (Motion, ¶ 14). There is no allegation, however, that this Contract has been awarded.

10. The Motion goes on, however, to state that "this Contract, if awarded to Washington, will be a multi-million dollar contract. By allowing the Debtor to increase his revenues, the Debtor can obtain significant, positive cash flow and substantially increase its value." (Id.)

11. However, the budget attached to the Debtor's Motion each show negative cash flow at least through July of this year. Budget 1 shows a negative cash flow of in excess of

Twenty-seven Thousand Dollars ($27,000.00) between now and July (Exhibit 2, Budget 1), and Budget 2 shows over One Million Two Hundred Thousand Dollars ($1,200,000.00) of negative cash flows between now and August (Exhibit 2, Budget 2).

12. The Debtor proposes, or at least in the short run, to significantly erode the value of the property subject to ROBI's lien, and the Debtor does not propose any proper adequate protection thereof.

13. The Debtor's proposed Budget also is in and of itself objectionable. For example, and without limitation, the Budget includes items for "accounting and legal", "engineer costs" and "professional fees". Each is a significant amount each month (Exhibit 2, Budget 1 and Budget 2). This seems duplicative.

14. Further, the Budgets show the salaries and wages of over Four Thousand Dollars ($4,000.00) escalating to over Seven Thousand Dollars ($7,000.00) per month in Budget 1, and than wages and salaries in multiple lines on Budget 2 ramping up to over Two Hundred Forty Thousand Dollars ($240,000.00) a month without explanation as to the purpose thereof.

**WHEREFORE,** ROBI prays that the Motion be denied.

/s/Albert J. Tiseo, Jr.
Albert J. Tiseo, Jr.
Goldman Tiseo & Sturges PA
701 JC Center Court, Suite 3
Port Charlotte, FL 33954
Telephone: (941) 625-6666
Facsimile: (941) 625-0660
Email: atiseo@gtslawfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this \_3\_ day of \_May\_, 2011, mailed or sent electronically via ECF a true and correct copy of the above and foregoing to:

J Steven Wilkes
Office of the United States Trustee
501 East Polk Street
Tampa, FL 33602

Joel S. Treuhaft
2997 Alternate 19, Suite B
Palm Harbor, FL 34683

Lisa M. Castellano
Becker & Poliakoff
Park Place
311 Park Place Boulevard, Suite 250
Clearwater, FL 33759-3977

Robert H. Miller, III
Farr Farr Emerich Hackett & Carr, PA
99 Nesbit Street
Punta Gorda, FL 33950

Scott Stigall
Barnett, Bolt, Kirkwood & Long
602 Bayshore Blvd., Suite 700
Tampa, FL 33606

Jeffrey W. Leasure
Jeffrey W. Leasure, PA
P.O. Box 61169
Fort Myers, FL 33906-1169

Ronald M. Emanuel
Ronald M. Emanuel, PA
8751 West Broward Blvd., Suite 100
Plantation, FL 33324

/s/Albert J. Tiseo, Jr.