IN THE UNITED STATES BANKRUPTCY COURT OF THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:                                          Case No. 9:11-bk-06053-BSS
WASHINGTON LOOP, LLC                            Chapter 11
a limited liability company,
37894 Washington Loop Road
Punta Gorda, FL 33955

         Debtor.
_____/

## MOTION TO DISMISS PROCEEDING WITH
## FINDING PURSUANT TO 11 U.S.C. § 109(g) THAT DEBTOR
## MAY NOT REFILE FOR A PERIOD OF 180 DAYS BECAUSE DEBTOR HAS
## WILLFULLY FAILED TO ABIDE BY PRIOR ORDERS OF THIS COURT

COMES NOW, ROBI1956, LLC ("ROBI"), by and through the undersigned counsel and

moves that the Court dismiss this case, and in support thereof, ROBI would show unto the Court

as follows:

1.      Pursuant to § 1112(c) a Case under Chapter 11 may be dismissed for cause.

2.      Further, pursuant to § 1112(c)(4) cause includes, without limitation, unexcused

failure to satisfy timely any filing or reporting requirement, failure to comply with an Order of this

Court, and failure to file a plan within the time fixed by Order of this Court.

3.      All three (3) of these grounds are present in this case.

4.      ROBI incorporates by reference its Proof of Claim 23-1 filed herein (the "Judgment

Claim").

5.      As is evidenced by the Judgment Claim, ROBI is the holder of a Judgment of

Foreclosure authorizing the sale of substantially all the Debtor's real estate collateral to ROBI.

6.      Last year, this same Debtor filed a Petition for Relief under Chapter 11 of the

Bankruptcy Code under Case No. 9:10-BK-27981-DHA ("Loop 1"). That prior proceeding was

dismissed by Order therein on or about March 17, 2011.

7.      Earlier in this case, the Debtor filed its Motion for Authority to Use Cash Collateral

herein [Docket No. 23] (the "Cash Collateral Motion"). ROBI objected to the Cash Collateral Motion [Docket No. 44] (the "Cash Collateral Objection"), and the allegations of the Cash Collateral Objection are incorporated herein by reference.

8.  On or about May 5, 2011, this Court held a hearing on the Cash Collateral Motion and the Objection thereto.

9.  At the Cash Collateral Hearing, the Debtor maintained that the basis for its new Chapter 11 filing was two (2) new substantial Contracts worth "millions" of dollars, including Government contracts. The Debtor also alleged that it had an offer to purchase the Debtor's assets for an amount significantly in excess of the indebtedness of ROBI and an appraisal showing that the Debtor's real estate was worth substantially in excess of ROBI's secured claim.

10.  Based upon these allegations, the Court determined that the Debtor's Motion should be granted in part, but that the Debtor should be required to promptly provide to ROBI its appraisal, any Purchase Agreement or Contract in relation to the Debtor as well as any alleged Government Contracts, and that the Debtor was required to file its Plan and Disclosure Statement on or about June 30, 2011.

11.  ROBI concluded that from the Court's comments that the Court was willing to allow the Debtor some limited period of time to bring forth the proof of its allegations that there was some reasonable possibility of a reorganization in this cause. As such, ROBI has neither sought the conversion nor dismissal of this case prior to the date of this Motion.

12.  However, inasmuch as the Debtor has failed once again to act as required by Court Order, ROBI has no choice but to now ask for the dismissal of this action.

13.  Not only has the Debtor refused to provide to ROBI, despite numerous requests, any copy of the alleged Government contracts, the appraisal or the alleged Purchase Agreement, the Debtor failed to file a Plan or Disclosure Statement herein by June 30, 2011.

14. Instead, on June 30, 2011, the Debtor filed a Motion Seeking Extension of time to file the Plan and Disclosure Statement through July 5, 2011.

15. A search of the Court's online Docket herein shows, however that no Plan was filed by July 5, 2011.

16. Debtor's continued actions seem designed only to improperly hinder or delay ROBI.

17. Loop 1 was filed in November of 2010. Loop 1 was filed in and of itself at least in part to stop a Sheriff's Sale of ROBI's real estate collateral.

18. Loop 1 was dismissed, at least in part, because the Debtor had failed to comply with Orders of this Court.

19. After Loop 1 was dismissed, ROBI again began the process of preparing for Sheriff's Sale and was prepared to have a second Sheriff's Sale.

20. This new case was again filed presumably, at least in part, to frustrate said Sheriff's Sale.

21. Despite the fact that the Debtor has availed itself of protection from Sheriff's Sale since last year, to date no Plan of Reorganization has been proposed. No proof has been offered that the Debtor has any ability whatsoever to reorganize, and there has been no proof tendered that there are any pending sales of the Debtor.

22. In the eight (8) months since the filing of Loop 1, the Debtor has instead engaged in a continuing practice of refusal to provide information required by Court Order and the Code.

23. Given that the Debtor was aware of the importance of filing its Plan timely and of promptly providing to ROBI its appraisal, contract documents and Purchase Agreements, its failure to do so must have been willful.

**WHEREFORE,** ROBI hereby prays that this case be dismissed with a finding that such dismissal was for willful failure of the Debtor to abide by Orders of the Court.

/s/ Albert J. Tiseo, Jr.
ALBERT J. TISEO, JR., ESQUIRE
GOLDMAN, TISEO & STURGES, P.A.
701 JC Center Court, Suite 3
Port Charlotte, Florida 33954
(941) 625-6666 Telephone
(941) 625-0660 Facsimile
Florida Bar Number 0323240
atiseo@gtslawfirm.com
Attorney for ROBI1956, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following parties:

Washington Loop, LLC, 37894
Washington Loop Road
Punta Gorda, FL 33955
*(Debtor)*

Joel S. Treuhaft, Esq.
2997 Alternate 19, Suite B
Palm Harbor, FL 34683
*(Attorney for Debtor)*

Donald F. Walton, U.S. Trustee,
Region 21 Steven Wilkes, Esq.
U.S. Department of Justice
Office of the U.S. Trustee, Region 21
501 E. Polk Street, Suite 1200
Tampa, FL 33602
*(Trustee)*

Scott Stigall, Esq.
Barnett, Bolt, Kirkwood & Long
601 Bayshore Blvd., Suite 700
Tampa, FL 33606
*(Attorney for J.H. Williams Oil Company, Inc.)*

Roger H. Miller, III, Esq.
The Farr Firm
99 Nesbit Street
Punta Gorda, FL 33950
*(Attorney for South Loop, LLC, Brad Bishop and Mike Trewergy)*

Lisa M. Castellano, Esq.
Becker & Poliakoff
311 Park Place Blvd., Suite 250
Clearwater, FL 33759-3977
*(Attorney for Becker & Poliakoff)*

Ronald M. Emanuel, Esq.
8751 West Broward Blvd., Suite 100
Plantation, FL 33324
*(Attorney for Wells Fargo Equipment Finance, Inc.)*

Jeffrey W. Leasure, Esq.
PO Box 61169
Fort Myers, FL 33906-1169
*(Attorney for Mirror Lakes V, LLC)*

via CM/ECF and/or U.S. Mail, this 6th day of July, 2011.

/s/ Albert J. Tiseo, Jr.
ALBERT J. TISEO, JR., ESQUIRE
GOLDMAN, TISEO & STURGES, P.A.
701 JC Center Court, Suite 3
Port Charlotte, Florida 33954
(941) 625-6666 Telephone
(941) 625-0660 Facsimile
Florida Bar Number 0323240
atiseo@gtslawfirm.com
Attorney for ROBI1956, LLC