**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:

**WASHINGTON LOOP, LLC**   Case No.: 9:11-bk-06053-JPH
                           Chapter 11 Case

    **Debtor.**
_____/

**DEBTOR'S MOTION FOR AUTHORITY
TO OBTAIN POST-PETITION FINANCING**

Washington Loop, LLC ("Washington Loop" or "Debtor"), the Debtor and Debtor-in-Possession, pursuant to 11 U.S.C. §364(b), (c) and (d), Fed.R.Bank.P. 4001, and other applicable law, hereby moves this Court for entry of interim and final orders (i) authorizing the Debtor to obtain post-petition financing (the "DIP Financing") pursuant to the terms and provisions of that certain Debtor in Possession Facility term sheet (the "Term Sheet") between the Debtor and Davis Capital, LLC (the "Lender"), attached hereto as **Exhibit A** and described in more detail herein; and (ii) granting for the benefit of the Lender a priming lien on the Debtor's real and personal property pursuant to 11 U.S.C. §364(d)(1) and a super-priority administrative expense claim pursuant to 11 U.S.C. §364(c)(1) for all funds advances. In support thereof, the Debtor states:

1. On March 31, 2011, Washington Loop filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

2. The Debtor operates an aggregate mine in Charlotte County, Florida, and is currently operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtor owns two parcels of real property and improvements—the

Loop Property and the Mirror Lakes Property (collectively, the "Property")—which, together, comprise approximately 474 adjoining acres in Punta Gorda, Charlotte County, Florida.

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157 and 1334. The subject matter for this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are §105, 361, 362, 363, and 364 of the Bankruptcy Code.

4. To avoid unnecessary and duplicative pleading, the Debtor incorporates by reference the background facts set forth in the Debtor's Chapter 11 Case Management Summary (Doc. 21) as well as those set forth in the Amended Disclosure Statement in Support of Plan of Reorganization filed contemporaneously herewith.

**Relief Requested**

5. As a result of the financial circumstances outlined in the Debtor's Chapter 11 Case Management Summary, the Debtor is in need of additional funding to: (i) purchase certain equipment for use in the Debtor's operations that will, in turn, increase the Debtor's operating income necessary to fund its Amended Plan of Reorganization (the "Plan"), filed contemporaneously herewith, (ii) to increase liquidity which will also facilitate cash flow and the successful reorganization of the Debtor, and (iii) pay an additional retainer to the undersigned counsel consistent with the Application to Employ and Substitute Steven M. Berman and Shumaker, Loop & Kendrick, LLP, as General Counsel to the Debtor In Possession *Nunc Pro Tunc* to August 9, 2011, and to Authorize

Post-Petition Retainer (Doc. 83) and the Rule 2016 Disclosure of Compensation of Attorney for Debtor (Doc. 99).

6. By this Motion, the Debtor seeks the authority to obtain the DIP Financing under the terms set forth in the Term Sheet attached hereto as Exhibit A and all documents to be executed therewith in order to establish a secured line of credit intended to fund (i) the purchase of equipment, which will dramatically increase the Debtor's operating income and profitability, (ii) to fund additional operating capital needed for enhanced liquidity to facilitate confirmation of the Debtor's Plan; and (iii) an additional post-petition retainer of $125,000.00.

7. The terms and conditions of the DIP Financing are summarized below:

    a. **Borrower.** The Debtor.

    b. **Amount of DIP Financing.** Up to $3,500,000.00.

    c. **Interest Rate.** Interest shall accrue on the outstanding principal balance of the DIP Financing at the rate of 12% *per annum,* to be paid monthly in arrears.

    d. **Fees.** An origination fee equal to 1.0% of the Facility Amount would be payable at closing, or subject to accrual at the election of Lender.

    e. **Payment.** Interest-only payments due monthly for the life of the loan, with a balloon payment of all principal due at the conclusion of the loan term.

    f. **Loan Term.** The DIP Loan shall be due and payable, inclusive of all interest, fees and premiums, on the earliest of (a) the conversion of the Case to a Chapter 7 filing; (b) the dismissal of the Case; (c) upon any event of default by Borrower; (d) 360 days after the first funding under the DIP Loan; and (e) the approval of any other debtor-in-possession financing by the Court.

    g. **Priority and Liens.** The Debtor's post-petition obligations under the DIP Financing shall at all times pursuant to 11 U.S.C. §§ 364(d)(1)

and 364(c)(1) be secured by a senior perfected lien on the real and personal property of the Debtor and a super-priority administrative expense claim.

**Basis for Relief**

8. The Debtor does not have sufficient available sources of working capital and financing to carry on the operation of their business and preserve the value of the Estate pending confirmation. In the absence of the DIP Financing, the operation of the Debtor's business would stop immediately and serious and irreparable harm to the Debtor and the Estate would occur.

9. The Debtor proposes to obtain financing under the DIP Financing by providing security interests and liens as set forth above pursuant to section 364(c) of the Bankruptcy Code. Pursuant to FRBP 4001, the Court may authorize the Debtor to obtain post-petition credit to the extent necessary to avoid immediate and irreparable harm to the Debtor.

10. The Debtor respectfully submits that it needs the DIP Financing for all purposes set forth above, including, but not limited to, making needed equipment purchases that will allow the Debtor to operate more profitably, and thereby facilitate its chances of a successful restructuring of its debts for the benefit of all of its creditors.

11. Accordingly, the DIP Financing is needed in order to avoid immediate and irreparable harm to the Debtor and its creditors.

12. After appropriate investigation and analysis and given the exigencies of the circumstances, the Debtor concluded that the DIP Financing was on the only alternative available in the circumstances of these cases. The Debtor has exercised sound

business judgment in determining that a postpetition credit facility is appropriate and has satisfied the legal prerequisites to borrow under the DIP Financing.

13. The terms of the DIP Financing are fair and reasonable and are in the best interests of the Debtor, its estate, and all of its creditors. Indeed, the terms upon which the Lender is willing to provide the DIP Financing are at or better than, any which the Debtor might hope to receive under these conditions from other lenders.

14. Based on the value of the Debtor's Property, all secured creditors' secured interests will be adequately protected under the proposed DIP Financing. Moreover, the secured creditors who will be primed under the proposed DIP Financing will nevertheless remain fully secured based on the Debtor's estimates of the value of the Property.[1] Specifically, by adding the DIP Financing to the Debtor's current debt load, the secured positions of each of the secured creditors will be improved by the addition of the DIP Financing as the additional equipment and cash flow will enable the Debtor to operate at levels not previously permitted by the previously constrained business operations.

15. Accordingly, the Debtor should be granted authority to enter into the DIP Financing and borrow funds from the Lender on the secured, administrative super-priority basis described above pursuant to 364(c) and (d) of the Bankruptcy Code, and take other actions necessary to effectuate the DIP Financing.

---

[1] The Debtor has obtained an appraisal of the Property that values the Property at between $40,000,000.00 and $45,000,000.00 if operating at full operational capacity. *See Exhibit "C" to the Amended Disclosure Statement.* As reflected on the Debtor's schedules, the total secured debt on the Property is about $17,653,753.51.

16. The Debtor reserves the right to modify this Motion to Obtain Financing until such time as this Court rules on the relief requested in this Motion to Obtain Financing.

WHEREFORE, the Debtor, Washington Loop, LLC, respectfully requests this Court enter an Order Granting this Motion to Obtain Post-Petition Financing, providing authorization for the Debtor to obtain credit by and through Davis Capital, LLC on the terms set forth herein, for a finding pursuant to 11 U.S.C. § 364(e), and granting such other and further relief as this Court deems just and appropriate.

DATED this 8th day of September, 2011.

**SHUMAKER, LOOP & KENDRICK, LLP**

/s/ Hugo S. deBeaubien
**STEVEN M. BERMAN, ESQ.**
Florida Bar No. 856290
sberman@slk-law.com
**HUGO S. deBEAUBIEN, ESQ.**
Florida Bar No. 058100
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
Phone: 813-229-7600
Fax: 813-229-1660
*Counsel for Washington Loop, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor's Emergency Motion for Authority to Obtain Post-Petition Financing** was served on September 8, 2011, via CM/ECF Electronic Notice or on September 9, 2011 via US Mail on: **Debtor; Joel Truehaft, Esq.,** 2997 ALT 19, Suite B, Palm Harbor, FL 34683; **Mirror Lakes V, LLC**, c/o Jeffrey W. Leasure, Esq., P.O. Box 61169, Fort Myers, Florida 33906-1169; **Mike Trewergy**, c/o Roger Miller II, Esq., 99 Nesbit Street, Punta Gorda, Florida 33950; **ROBI1956, LLC**, c/o Andrew Ozette, Esq., P.O. Box 657, Evansville, Indianna 47704; **Wells Fargo Equipment Finance, Inc.**, c/o Ronald Emanuel, 8751 West Broward Blvd, Suite 100, Plantation, Florida 33324; **Credential Leasing Corp. of Florida, Inc.,** P.O. Box 116, Boynton Beach, Florida 33425; **Liberty Bank, FSB**, c/o Theodore R. Walters, Esq., 3001 Tamiami Trail North, Suite 400, Naples, Florida 34103; **Office of the United States Trustee**, 501 E. Polk St, Suite 1200, Tampa, FL 33602; and parties indicated on the **Local Rule 1007(d) Matrix**.

/s/ Hugo S. deBeaubien
**Attorney**