UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  Chapter 11

WASHINGTON LOOP, LLC,  Case No. 9:11-bk-06053-JPH

    Debtor.
_____/

**CREDITOR CHARLES A. ROBINSON LIVING TRUST, DATED MAY, 1991'S
OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY
TO OBTAIN POST-PETITION FINANCING**

Creditor and interest holder, Charles A. Robinson Living Trust, dated May, 1991 ("Trust"), through its undersigned attorney, hereby objects to Debtor's Motion for Authority to Obtain Post-Petition Financing ("Motion") [Doc. 107], and states:

1. The Trust objects to the Debtor's Motion for Authority to Obtain Post-Petition Financing ("Motion") and as grounds therefor states:

2. The Motion fails to meet the basic procedural requirements of Rule 4001(c), Federal Rules of Bankruptcy Procedure. The Motion does not attach a proposed order as required by the rule. The term sheet which is annexed as an exhibit to the Motion does not contain the events of default under the proposed loan documents. No loan documents are attached or referenced which would give all material provisions of the proposed credit agreement. There is no statement in the motion as to the adequate protection that will be afforded the current creditors of the Debtor.

3. The Motion does not attach a budget or any type of indication of the proposed use of the loan proceeds other than to pay a retainer to Debtor's proposed counsel. There is a general reference that the loan proceeds will be used to acquire equipment but there is no indication of the equipment that the Debtor requires to operate its business. There is no statement as to why new equipment beyond the equipment already owned or operated by the Debtor is needed to

generate cash flow for the Debtor. There is no estimate of the cost of such equipment. There is no statement as to how the equipment purchases will benefit the Debtor, the estate and the creditor body.

4. Based upon the lack of information in the Motion, the Motion fails to address the usual four-factor test in determining whether post-petition financing is necessary and appropriate. *See, In re: Farmland Industries, Inc.* 294 B.R. 855 (Bankr. W.D. Mo. 2003). Those factors are:

    a. Whether the proposed financing is an exercise of sound and reasonable business judgment;

    b. Whether there is no alternative financing is available on any other basis;

    c. Whether the proposed financing is in the best interest of the estate and its creditors; and

    d. Whether there are better offers, bids or timely proposals before the court.

5. The Debtor has made no showing that a capital call to the equity security holders of the Debtor or a loan by those equity security holders could better serve the Debtor and the creditor body. The Motion does not reflect what efforts were undertaken by the Debtor to obtain alternative financing.

6. The Motion fails to show that the proposed financing transaction preserves the assets of the Debtor. There is no showing in the Motion that this terms of financing are fair, reasonable and adequate given the circumstances of the Debtor and lender. *See Id., citing In re WorldCom,Inc* ., 2002 SW 1732646 at 3 (Bankr. S.D.N.Y. 2002).

5. In August, 2011, the Debtor represented that it had a plan filed with the court that was an operating plan that would 'have the ability to pay every one off in full and return money to the equity partners.' (Transcript at page 17). The Motion seeks a maximum of $3,500,000.00

in post petition financing – less than 20% of the total secured debt encumbering the Debtor's assets. The proceeds of that transaction would be insufficient to take out the senior secured debt, let alone to pay equity, in full.

6. The Debtor, through the Motion, seeks to obtain a loan that cannot be supported by current operations. The initial fee for that loan is $35,000.00 with interest to accrue at 12% per annum. If fully funded, that would result in monthly interest-only payments of $35,000.00. Although not expressly stated, the only source of funds to pay the interest accruing on this loan would be from the DIP lender itself. Moreover, the loan has only a one year term. The Motion seeks to place the DIP lender in a first lien position on all of the Debtor's assets and matures in one year from the date that the loan is made. Given the recent business history of the Debtor, this amounts to a fire sale of estate assets to the DIP lender in that it would be receiving a first lien security interest in what the Debtor claims is a $45,000,000.00 asset for the low price of up to $3,500,000.00. That price may actually be less if the Debtor is unable to pay the debt service on the loan prior to the expiration of the loan term. In light of the limited net income realized by the Debtor during the pendency of this case, the proposed financing would effectively destroy any equity that remains in the assets of the estate.

7. For the foregoing reasons, the Debtor's Motion for Authority to obtain Post-Petition Financing should be denied.

Dated: September 14, 2011

*/s/ Richard Johnston, Jr.*
Richard Johnston, Jr.
Florida Bar No. 0340995
Fowler White Boggs, P.A.
P.O. Box 1567
Fort Myers, FL 33902-1567
Telephone: 239-334-7892
Facsimile: 239-334-3240
richard.johnston@fowlerwhite.com
Attorneys for Creditor CA Robinson

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF this **14th** day of September, 2011, to:

United States Trustee
J. Steven Wilkes
Joel S. Treuhaft
Jeffrey W. Leasure
Albert J. Tiseo, Jr.
Roger H. Miller
Scott Stigall
Andrew C. Ozete
Lisa M. Castellano
Theodore R Walters

**And via U.S. Mail to:**
Washington Loop, LLC
37894 Washington Loop Road
Punta Gorda, FL 33955

Mailing Matrix

*/s/ Richard Johnston, Jr.*
Richard Johnston, Jr.

43523070v1