# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

In re:

**WASHINGTON LOOP, LLC**  **Case No.: 9:11-bk-06053-JPH**
**Chapter 11 Case**

  **Debtor.**
_____/

## EXPEDITED MOTION TO CORRECT AMENDED INTERIM
## ORDER ON MOTION TO OBTAIN POST-PETITION FINANCING (Doc. 156)

Louis X. Amato, Chapter 11 Trustee, by and through his undersigned counsel, hereby files this, his motion to correct Amended Interim Order on Motion to Obtain Post-Petition Financing (Doc. 156) and, in support, states:

**1.      The Trustee has filed this as an Expedited Motion and, as such, respectfully requests that it be set for consideration on October 19, 2011, at the time of the other hearings already scheduled to occur in this case.**

2.      On September 8, 2011, the Debtor filed its Motion for Authorization to Obtain Post-Petition Financing (Doc. 107)("DIP Finance Motion").

3.      On September 19, 2011, this Court entered its Order Directing Appointment of a Chapter 11 Trustee (Doc. 126), and later that same day this Court entered its Notice of Appointment of Louis X. Amato as Chapter 11 Trustee (Doc. 127).

4.      On September 20, 2011, this Court entered its Order Scheduling Preliminary Hearing on DIP Finance Motion (Doc. 130), which scheduled a preliminary hearing on the DIP Finance Motion to occur on October 20, 2011.

5.      On September 20, 2011, the Trustee, at the Court's direction, filed the Debtor's Proposed Budget for September and October 2011, setting forth the Debtor's anticipated cash

needs for the remainder of the month of September 2011 and the month of October 2011 ("Interim Budget").

6. On September 27, 2011, the Court conducted a telephonic hearing to consider the Trustee's *ore tenus* amendment to the DIP Finance Motion wherein the Trustee requested that the Debtor be authorized to obtain post-petition financing (which would afford the DIP lender a priming lien and/or superpriority administrative expense claim) on an interim basis only to the extent necessary to meet the Debtor's short-term funding needs as set forth on the Interim Budget.

7. At the September 27, 2011 hearing, one or more of the members of the Debtor proposed, as an alternative to funding the Debtor's interim cash needs through DIP financing, that the Debtor make a capital call of its members.

8. The suggested capital call then gave rise to questions about the respective equity interests of the Debtor's members; accordingly, the Court directed the Trustee to file an Amended List of Equity Security Holders (Doc. 147), based on the Debtor's books and records, and scheduled, on very short notice, an evidentiary hearing on any objections which parties may file to the Amended List of Equity Security Holders. The evidentiary hearing on objections to the Amended List of Equity Security Holders was set to occur on September 29, 2011.

9. Prior to the hearing on September 29, 2011, the Debtor's members agreed to fund the Debtor's Interim Budget cash needs through a capital call and to preserve the issue of objections, if any, to the Amended List of Equity Security Holders for consideration at the time of the hearings already schedule to occur in this case on October 19, 2011[1].

10. In light of the Debtor's members' agreement to fund the Interim Budget needs

---

[1] The hearings originally scheduled for October 20, 2011, were subsequently rescheduled to occur on October 19, 2011—see Docs. 151, 153 and 161.

through a capital call, the Court denied the *ore tenus* amended relief requested in the DIP Finance Motion—that is, authorization for the Debtor to incur DIP financing to fund its short term cash needs as reflected on the Interim Budget—which ruling was erroneously memorialized in paragraph 1 of the Amended Interim Order on Motion to Obtain Post-Petition Financing (Doc. 156) as an outright denial of ALL relief requested in the DIP Finance Motion.

11. Accordingly, the Trustee requests that this Court enter an Order correcting paragraph 1 of the Amended Interim Order on Motion to Obtain Post-Petition Financing (Doc. 156) to reflect that the relief requested in the DIP Finance Motion is only denied as to the *ore tenus* amended request to obtain DIP financing to fund the Debtor's short-term Interim Budget cash needs, and making clear that the DIP Finance Motion (wherein the Debtor has ultimately requested the approval of up to $3.5 million in post-petition financing on a priming lien or superpriority basis) otherwise remains viable and ripe for consideration on October 19, 2011, or such other date as the Court may set.

WHEREFORE, the Trustee requests that this Court enter an Order correcting paragraph 1 of the Amended Interim Order on Motion to Obtain Post-Petition Financing (Doc. 156) to reflect that the relief requested in the DIP Finance Motion is only denied as to the *ore tenus* amended request to obtain DIP financing to fund the Debtor's short-term Interim Budget cash needs, and making clear that the DIP Finance Motion otherwise remains viable and ripe for consideration on October 19, 2011 or such other date as the Court may set, and for such other and further relief as this Court deems just and proper.

**SHUMAKER, LOOP & KENDRICK, LLP**

/s/ Steven M. Berman
**STEVEN M. BERMAN, ESQ.**
Florida Bar No. 856290
sberman@slk-law.com

**HUGO S. deBEAUBIEN, ESQ.**
Florida Bar No. 058100
bdebeaubien@slk-law.com
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
Phone: 813-229-7600
Fax: 813-229-1660
*Counsel for Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Expedited Motion to Correct Amended Interim Order on Motion to Obtain Post-Petition Financing** was served on October 7, 2011, via CM/ECF Electronic Notice or US Mail on: **Washington Loop, LLC**, 1133 Bal Harbor, Ste 1139, Punta Gorda, Florida 33950; **Joel S. Treuhaft, Esq.,** 2997 Alt. 19, Suite B, Palm Harbor, Florida 34683-1907; **Andrew Ozete, Esq.,** 20 N.W. 4th Street, P.O. Box 657, Evansville, IN 47704; **AlbertTiseo, Esq.,** 701 JC Center Court, Suite 3, Port Charlotte, Florida 33954; **J. Steven Wilkes, Esq.,** 501 E. Polk St, Suite 1200, Tampa, FL 33602; **Richard Johnston, Esq.,** 2235 First Street ,Fort Myers, Florida 33901; the attached **Local Rule 1007(d) Parties in Interest List;** and **All Parties** receiving electronic notice via CM/ECF

/s/ Steven M. Berman
**Attorney**