UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Proceeding |
| | ) | |
| WASHINGTON LOOP, LLC, | ) | Case No. 9:11-bk-06053-FTM |
| a limited liability company | ) | |
| | ) | |
| Debtor. | ) | |

## LIMITED OBJECTION TO AMENDED DISCLOSURE STATEMENT

COMES NOW, Creditors, South Loop, LLC; Mary L. Treworgy; Mike Treworgy; Brad Bishop, individually; Brad Bishop and Lisa M. Bishop as Co-Trustees of the Bishop Family Revocable Trust; Brad Bishop as Trustee of the Brad Bishop Profit Sharing Plan; and Lisa Bishop as Trustee of the Lisa Bishop Profit Sharing Plan (collectively referred to herein as "Creditors"), who object on a limited basis to the Amended Disclosure Statement filed herein [Docket No. 106] (the "Disclosure Statement") and in support thereof would show unto the Court as follows:

1. Based upon the limited information developed by Chapter 11 Trustee, Creditors object to the suggestion in the Disclosure Statement that the Debtor will incur additional post petition debt.

2. Creditors object to the description in Section II, B of the Amended Disclosure Statement in that it does not accurately describe the interests held by Creditors.

3. Creditor, South Loop, LLC, holds first mortgages on the real property with Charlotte County, Florida, Parcel ID Nos. 402430127012; 402430326002; 402430376012; and, 402430451002 as reflected by Claim Nos. 33 and 34.

4. Creditors, collectively hold a second mortgage, which is attached hereto as **Exhibit "A."** The Amended Disclosure Statement only references Mike Treworgy as holding

1

the second mortgage. The amounts owned pursuant to the promissory notes held by Creditors are reflected in Claim Nos. 35; 36; 37; 38; 39; 40; and 41.

5. Creditors would require additional information on the proposed manager of the Debtors' business operations described in Section II F of the Disclosure Statement.

6. Creditors' treatment as a secured creditor is not proper under IN RE: <u>Till</u>.

7. Creditors object to the means of implementing the Plan in Section III B of the Disclosure Statement in that there is no operating history with income and expense analysis that would show that the Plan is feasible. Also, no facts are disclosed regarding the experience of the proposed manager.

8. There is no historical data provided showing the operational experience of the Debtor over the past three years so that an informed analysis of the operating pro forma shown in Exhibit "E" to the Disclosure Statement can be sufficiently analyzed.

9. Creditors file this objection out of an abundance of caution to preserve its rights. The Chapter 11 Trustee has agreed to supply the missing information and other information identified by Creditors and its affiliates so that the Debtor's business operations and the Plan can be analyzed, and Creditors anticipate that the information will be forthcoming. This Limited Objection is filed only to prevent lapse of the objection deadline.

WHEREFORE, Creditors hereby request that the Court not approve the Disclosure Statement as presented.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Debtors, WASHINGTON LOOP, LLC, a Limited Liability Company, 37894 Washington Loop Road, Punta Gorda, FL 33955, Attorney for Debtors, JOEL S. TREUHAFT,

ESQ., 2997 Alternate 19, Suite B, Palm Harbor, FL 34683, U.S. Trustee, UNITED STATES TRUSTEE – FTM, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602, Attorney for U.S. Trustee, J. STEVEN WILKES, ESQ., Office of United States Trustee, 501 East Polk Street, Tampa, FL 33602, on this _13_ day of _October_, 2011.

FARR, FARR, EMERICH,
HACKETT & CARR, P.A.

By: _____
ROGER H. MILLER III, ESQUIRE
Florida Bar #0555908
Email:       rmiller@farr.com        and
sfaircloth@farr.com
99 Nesbit Street
Punta Gorda, Florida 33950
(941) 639-1158
(941) 639-0028 (Facsimile)